## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KURT LEPPING,<br><br>  Petitioner,<br><br>vs.<br><br>RON TAYLOR, COMMISSIONER, ALASKA DEP'T OF CORRECTIONS,<br><br>  Respondent. | Case No. 3:14-cv-00227-RRB |

### ORDER REGARDING MOTION TO DISMISS

Counsel for Kurt Lepping filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254,[1] challenging the judgment of conviction entered by the Alaska Superior Court in *State of Alaska v. Kurt Lepping,* 3AN-10-01773CR.[2] Counsel for Mr. Lepping asserted that each ground on which the Amended Petition is based was raised in the state courts, up through and including the Alaska Supreme Court, as required by § 2254(b).[3]

The Respondent has moved to dismiss, Mr. Lepping has responded, and the Respondent has replied.[4] In the Motion to Dismiss, the Respondent argues that (1) the denial of Mr. Lepping's request for a continuance by the state trial court

---

[1] Docket 4.

[2] Docket 4 at 1.

[3] *Id.* at 2, 6-7, 12.

[4] Dockets 7, 10, 11.

was decided solely on state law grounds; (2) Mr. Lepping failed to exhaust his state court remedies on his claim of ineffective assistance of counsel; and (3) his claim that he lacked notice of his right to a post-seizure hearing is not a cognizable federal habeas claim.[5]

1. <u>A Petitioner Must Comply With the Antiterrorism and Effective Death Penalty Act When Filing a Federal Habeas Petition</u>.

A petition filed under § 2254 "is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)."[6] The Supreme Court explains as follows:

> AEDPA instructs that, when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." § 2254(e)(1). . . . [This Court] reiterate[s] "that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."
> . . . AEDPA likewise imposes a highly deferential standard for reviewing claims of legal error by the state courts: A writ of habeas corpus may issue only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" this Court. § 2254(d)(1).[7]

---

[5] Docket 7 at 1-2.

[6] *Clark v. Arnold*, 769 F.3d 711, 724 (9th Cir. 2014).

[7] *Burt v. Titlow*, ___ U.S. ___, 134 S. Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

2. <u>Mr. Lepping Exhausted His Claim That the State Trial Judge's Failure to Grant a Continuance Violated his Right to Due Process</u>.

A state prisoner may challenge his or her judgment of conviction in federal court only if his or her custody violates federal law.[8] The Respondent argues that the Alaska Court of Appeals based its decision solely on state law when addressing Mr. Lepping's allegation that the trial court should have granted his motion for a continuance was based upon anything other than state law.[9]

Further, "the availability of federal habeas relief is limited with respect to claims previously 'adjudicated on the merits' in state-court proceedings."[10] That is, habeas relief is not available "unless the applicant has exhausted the remedies available in the courts of the State."[11] So "[b]efore seeking a federal writ of habeas corpus, a state prisoner must . . . giv[e] the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[12] To satisfy the exhaustion requirement, a "prisoner must 'fairly present' his claim in each

---

[8] *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. . . . [W]e have repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'") (further internal quotation marks and citations omitted) (emphasis in original).

[9] Docket 7 at 7.

[10] *Harrington v. Richter*, 562 U.S. 86, 92 (2011).

[11] 28 U.S.C. § 2254(b)(1)(A).

[12] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted).

appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."[13]

On direct appeal, the Alaska Court of Appeals explains that "[n]ot every denial of a request for additional time violates due process[,]"[14] citing an Alaska Supreme Court case, *Klockenbrink v. State*, in support.[15] And the Alaska Supreme Court, in discussing due process in *Klockenbrink*, relies upon *Ungar v. Sarafite*, 376 U.S. 575 (1964).[16] In *Lepping*, the appellate court also cites the *Klockenbrink* decision for the proposition that "[o]nly an arbitrary refusal violates due process, and whether this has occurred 'depends upon the circumstances of each case,

---

[13] *Wood v. Milyard*, ___ U.S. ___, 132 S. Ct. 1826, 1833 (2012) (citations omitted). In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court. *See* Alaska Statutes 22.05.010, 22.07.020, 22.07.030; Alaska Rules of Appellate Procedure 215, 301, 302.

[14] *Lepping*, 2014 WL 2999191 at *5.

[15] *Id.* at n. 19 (*Klockenbrink v. State*, 472 P.2d 958, 964 (Alaska 1970)).

[16] *Klockenbrink*, 472 P.2d at 964 ("Granting or denying a continuance traditionally has been within the discretion of the trial judge, and not every denial of a request for additional time violates due process."); *see also Hernandez v. Holland*, 750 F.3d 843, 858 (9th Cir. 2014) ("There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.") (quoting *Ungar*, 376 U.S. at 589) (internal quotation marks omitted).

especially the reasons supporting the request for continuance[,]'"[17] relying upon another United States Supreme Court case.[18]

As the Ninth Circuit reasoned in *Peterson v. Lampert*, "for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue."[19]

Further, both the Alaska and the United States Constitutions prohibit the State from "depriv[ing]" any person "of life, liberty, or property, without due process of law."[20] Thus, the claim was presented to the Alaska "Supreme Court in such a manner that that court had a '*fair* opportunity' to address his claim."[21]

---

[17] *Lepping*, 2014 WL 2999191 at *5.

[18] *Klockenbrink*, 472 P.2d at 964 ("It is only an arbitrary refusal that is violative of due process and that question depends upon the circumstances of each case, especially the reasons supporting the request for continuance.") (citing *Nilva v. United States*, 352 U.S. 385 (1957)).

[19] *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[20] AK Const. Art. 1, § 7; United States Const., Amend. XIV; see also *Sanders v. Ryan*, 342 F.3d 991, 1000 (9th Cir. 2003) ("The right to effective assistance of counsel is identical under the United States Constitution and the Washington Constitution. . . . When faced with ineffective assistance of counsel claims under both the federal and state constitutions, Washington courts analyze them both using the same . . . test.") (citations omitted).

[21] *Sanders*, 342 F.3d at 1001 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)).

The Court, therefore, agrees with Mr. Lepping that he exhausted the issue of whether the denial of his motion for a continuance violated his right to federal due process,[22] and the Court must address the merits of that issue.[23]

3. <u>Mr. Lepping Has Not Properly Exhausted a Claim of Ineffective Assistance of Counsel</u>.

Mr. Lepping appealed his judgment of conviction and the conviction was affirmed on July 2, 2014.[24] The Supreme Court for the State of Alaska denied a petition for hearing on September 16, 2014.[25] And the Court takes judicial notice[26]

---

[22] Docket 10 at 4-7; see also Docket 7-5 at 2, 8-11 (*Lepping v. State*, S-15626, Petition for Hearing).

[23] *Cf. Lee v. Kemna*, 534 U.S. 362, 366-67 (2002) ("We hold that the Missouri Rules, as injected into this case by the state appellate court, did not constitute a state ground adequate to bar federal habeas review. . . . [T]he trial court, at the time Lee moved for a continuance, had in clear view the information needed to rule intelligently on the merits of the motion. . . . [U]nder the circumstances of this case, we hold that petitioner Lee, having substantially, if imperfectly, made the basic showings [the Missouri Rule] prescribes, qualifies for adjudication of his federal, due process claim. His asserted right to defend should not depend on a formal 'ritual ... [that] would further no perceivable state interest.'") (citations omitted).

[24] *Lepping v. State of Alaska*, A-10935, 2014 WL 2999191 (Alaska App. July 2, 2014) (unpublished).

[25] *Kurt Lepping v. State of Alaska*, S-15626.

[26] Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact[.]" *Black's Law Dictionary* (10th ed. 2014); see also *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

that there is no public record of a post-conviction case raising ineffective assistance of counsel in Case Number 3AN-10-01773CR.

Although Mr. Lepping asserts that he "has not so far claimed that he was denied effective assistance of counsel based on the negligence of his trial counsel,"[27] the Court of Appeals addresses the issue, explaining that Mr. Lepping may not bring an ineffective assistance of counsel claim on direct appeal:

> Lepping claims that his attorney provided ineffective assistance at trial. We have consistently held that we will not consider claims of ineffective assistance for the first time on appeal because, in most instances, the appellate record is inadequate to allow us to meaningfully assess the competence of the attorney's efforts. Here, the appellate record is inadequate to allow us to meaningfully assess the competence of Lepping's attorney's efforts. Lepping's claim of ineffective assistance must be raised in the trial court in an application for post-conviction relief under Alaska Criminal Rule 35.1.[28]

Because Mr. Lepping has not properly exhausted an ineffective assistance of counsel claim, the Court may not address any such claim at this time.[29]

---

[27] Docket 10 at 10 ("Respondent's argument on this issue is nothing more than a distraction. (Docket 7, pp. 8-10).").

[28] *Lepping*, 2014 WL 2999191 at *8 (citations omitted); *see also Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012). ("[T]he doctrine of procedural default [provides that] a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. . . . A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed.") (citations omitted).

[29] *See* Docket 7 at 9 (If the time has not run to file a post-conviction petition in the state courts, Mr. Lepping must file any petition immediately); *see also Kurt Lepping v. State of Alaska*, A-12142, http://www.appellate.courts.state.ak.us/frames1.asp (Mr. Lepping has

### 4. The Seizure of Mr. Lepping's Aircraft is Not a Cognizable Habeas Claim

Mr. Lepping argued below that his due process rights were violated when he was denied a prompt post-seizure hearing after the *ex parte* seizure of his airplanes. In arguing that the seizure violated his due process rights, Lepping relied on both state and federal authority.[30] Contrary to the Respondent's assertions at Docket 7, Mr. Lepping **did** assert this argument in his petition to the Alaska Supreme Court.[31]

However, Respondent correctly notes that property interests such as fines and restitution are not proper subjects for petitions under 28 U.S.C. § 2254.[32] Federal habeas corpus is concerned with a prisoner's liberty, not his property.[33] Respondent argues that Lepping's allegations regarding the seizure of his airplanes does not "attack the legality of [his] prison sentence or seek his release from custody."[34] The Ninth Circuit has recently reiterated that "the imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements," even

---

filed another appeal, challenging his sentence, and the docket shows that his appeal is currently "ripe for decision.").

[30] *See* Docket 10 at 6.

[31] Docket 7, Exhibit 4 at 6-8.

[32] Docket 7 at 10.

[33] Docket 11 at 4 (citations omitted).

[34] Docket 7 at 10 (citing *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999)).

when the petitioner is in custody.[35] The Ninth Circuit noted that "the key issue is whether a challenge to a restitution order by a custodial state prisoner who does not challenge the lawfulness of his custody under federal law is sufficient for jurisdiction under the federal habeas statute," and concluded that it is not.[36] Each claim independently must involve the right to be released from custody. A petitioner cannot avoid this requirement by joining cognizable claims with non-cognizable ones.[37] "Claims seeking release from custody can be brought under § 2255; claims seeking other relief cannot. To determine whether a given claim is cognizable under § 2255, we focus on the relief sought in the claim itself, not on relief sought in other claims mentioned elsewhere in the motion."[38]

**IT IS THEREFORE ORDERED:**

1. The Motion to Dismiss at **Docket 7** is **DENIED** as to whether Mr. Lepping's due process rights were violated by the trial court's failure to grant a continuance; this issue will be addressed on the merits.

---

[35] *Bailey v. Hill*, 599 F.3d 976 (9th Cir. 2010) (emphasis added).

[36] *Id.*

[37] Federal Habeas Manual § 1:7

[38] *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) (citations omitted).

2. The Motion to Dismiss at **Docket 7** is **GRANTED** as to the issues of exhaustion of an ineffective assistance of counsel claim and of seizure of Petitioner's aircraft. These issues are **DISMISSED**.

**IT IS SO ORDERED** at Anchorage, Alaska this 1st day of October, 2015.

*/s/ RALPH R. BEISTLINE*
United States District Judge